IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CHARLES NATOLI, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-00235-AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent's "Motion to Produce Affidavit" (ECF No. 6). Petitioner has not responded to the motion, and the time to do so has expired. For the reasons stated below, Respondent's motion shall be granted in part and denied in part.

Petitioner Michael Charles Natoli filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts that he received ineffective assistance of counsel from John Lynch at various stages of the litigation, including (1) that Lynch did not discuss the advantages and disadvantages of proceeding to trial; (2) that he instructed Lynch to file objections to the Presentence Report, and that he failed to do so; (3) that he instructed Lynch to file a motion for his release for medical treatment, and that he failed to do so; and (4) that Lynch coerced Natoli to plead guilty and promised Natoli that he would only serve 18-24 months if he did so

Respondent now seeks an order from this Court requiring Lynch to produce an affidavit regarding the issues raised in Natoli's § 2255 motion. Respondent asserts that

Lynch has stated that he will not provide an affidavit without a finding by the Court that Natoli waived the attorney-client privilege to the extent Natoli asserts claims of attorney misconduct and ineffective assistance of counsel.  Respondent argues that Natoli has waived the attorney-client privilege with respect to the allegations in his § 2255 motion.  Therefore, Respondent requests an order directing Lynch to provide an affidavit to Respondent responding to Natoli's claims of ineffective assistance of counsel, as well as any documentation relevant to the claims raised.

It is well settled that when a § 2255 petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.  *See, e.g.*, *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *accord*, *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009).  Thus, this Court specifically holds that Natoli has waived the attorney-client privilege with respect to all communications with his attorney necessary to prove or disprove Natoli's ineffective-assistance-of-counsel claims.   The Court likewise agrees that information from Lynch is necessary for Respondent to respond to the § 2255 motion.  Thus, as other judges in this District and elsewhere have ordered, the Court will authorize and order Lynch to provide the requested information to Respondent promptly, so as to allow Respondent to prepare a response.  *See, e.g.*, *Graham v. United States*, No. 4:18CV1580 HEA, 2019 WL 1104204, at *1 (E.D. No. Mar. 8, 2019); *Hayes v. United States*, No. 4:09CV531 CDP, 2009 WL 2071244 (E.D. Mo. July 13, 2009); *see also United States v. Pinson*, 584 F.3d 972, 978-79 (10th Cir. 2009) (finding no abuse of discretion to compel counsel to provide a declaration concerning ineffective assistance of

counsel claims, but cautioning that such an order should be carefully tailored to protect Sixth Amendment rights); *United States v. Benge*, No. 6:12-CR-59-KKC-HAI, 2018 WL 2427373, at *3, n.2 (E.D. Ky. May 30, 2018) (collecting cases).

However, the Court declines to specify the form in which Lynch is to disclose this information. Rather, the Court believes the proper course here is to make findings with respect to the scope of the waiver, and to order Lynch to provide the information necessary to prepare a response. While Lynch is certainly *permitted* to memorialize this information in an affidavit, absent a showing of necessity, the Court does not think it is appropriate to order defense counsel to execute an affidavit, as opposed to other means, such providing relevant documents and information and testifying at a hearing. As there is no indication that Lynch is unwilling to provide an affidavit upon receipt of an order acknowledging that the attorney-client privilege has been waived—which the Court has above addressed and resolved—it appears that no such order from this Court is required at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Respondent's Motion to Produce Affidavit (ECF No. 6) is **GRANTED in part and DENIED in part**, as follows:

a. Petitioner is found to have waived the attorney-client privilege with respect to all communications with his criminal defense attorney necessary to prove or disprove Petitioner's ineffective-assistance-of-counsel claims; and

b. Petitioner's prior defense counsel, John Lynch, is authorized and ordered promptly to provide the requested information to Respondent, consistent with this Order, so as to permit Respondent to file a timely response to the § 2255 motion; and

3

    c. On this record, Respondent's request that the Court order the prior defense counsel to provide the information in the form of affidavits is denied as premature.

_____<br>
AUDREY G. FLEISSIG<br>
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2021.